IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AVION LAWSON,
FDOC Inmate # W38414,
    Plaintiff,

vs.                              Case No.: 5:16cv197/MMP/EMT

D.A. LEAVINS, et al.,
    Defendants.
_____/

**ORDER and SUPPLEMENT TO REPORT AND RECOMMENDATION**

On August 12, 2016, the undersigned issued an Order and Report and Recommendation denying Plaintiff's motion to proceed in forma pauperis ("IFP") and recommending dismissal of this case, pursuant to 28 U.S.C. § 1915(g). In the Report and Recommendation, the undersigned noted that Plaintiff admitted he is a "three striker" under § 1915(g) (*see* ECF No. 1 at 12),[1] and that this court previously recognized Plaintiff's status as a "three striker." *See* Lawson v. Demond, No. 3:15cv574/RV/CJK, Order (N.D. Fla. Apr. 14, 2016) (dismissing civil rights

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

complaint pursuant to § 1915(g)); <u>Lawson v. Tanner</u>, No. 3:15cv558/MCR/CJK, Order (N.D. Fla. Feb. 22, 2016) (same).[2]

The undersigned determined that Plaintiff failed to allege specific facts which indicated he was in imminent danger of serious physical injury at the time he commenced this case; therefore, he was not entitled to proceed under the "imminent danger" exception of § 1915(g). The undersigned based this determination on the fact that Plaintiff's complaint concerned allegations of excessive force and retaliation by prison officials at the Northwest Florida Reception Center ("NWFRC") in January and February of 2015, but Plaintiff filed the § 1983 complaint on July 6, 2016, from Santa Rosa Correctional Institution, and did not name any prison official from Santa Rosa C.I. as a Defendant. Additionally, Plaintiff's only allegations concerning his confinement at Santa Rosa C.I. were the following general allegations, which were insufficient to invoke the exception to § 1915(g):

> In this instant case since Plaintiff has been housed at Santa Rosa where injury is still imminent by repeated threats to harm him which are proximate, and the potential consequence is "serious physical injury" of being beaten, starved, killed, or even raped, suffering injuries and may even [sic] broken bones, chipped teeth, weight loss, internal bleeding. Plaintiff allegations [sic] should be accepted as true and permit the Plaintiff to proceed as an in forma pauperis [sic] pursuant to 1915(g) whom [sic] sufficiently demonstrated that he is in fact in imminent

---

[2] The inmate number of the plaintiff in these two cases (#W38414) is the same as Plaintiff's.

Case No: 5:16cv197/MMP/EMT

> danger currently as of this filing by officials at Santa Rosa C.I. specifically by Lt. P. Reyes, Sgt. Tanner, and Major Jackson all which have significant rank in the prison system.

(ECF No. 1 at 12).

After Plaintiff received the Report and Recommendation, he filed another IFP motion and a Second Amended Complaint (ECF Nos. 9, 10).[3] Plaintiff has added four Defendants, two of whom are correctional officers at Santa Rosa C.I. (Lieutenant Reyes and Sergeant Tanner), and the other two of whom are former prison officials at NWFRC (Warden Churchwell and Assistant Warden Craven) (*see* ECF No. 9 at 1–2, 12). Plaintiff repeats his general allegations of imminent danger posed by officers at Santa Rosa C.I. (*see id.* at 11); however, he now includes the following new allegations in an attempt to avoid dismissal of this case:

> . . . Lt. P. Reyes and Sgt. Tanner were also officials whom on an ongoing basis threatened to have me killed and write false reports on me which I've been written up twice, once for a threat and refusing order [sic]. These threats were when they did their security checks and when I was housed while at Santa Rosa this misconduct pattern [sic] evidencing the likelihood of imminent serious physical injury and am [sic] in fear of my life which is an [sic] genuine emergency, where "time is pressing" and "threats is [sic] real and very proximate and is imminent" at the time of the filing on [sic] the complaint. Both Tanner and Reyes threatened "Not to [sic] much longer before we hang you boy, wait until Warden Brannon

---

[3] Plaintiff already amended his complaint once as a matter of course (*see* ECF No. 5); therefore, he is not entitled to amend his complaint again without leave of court. *See* Fed. R. Civ. P. 15(a).

and Leavins hear about how you hung yourself. 'A freak accident' we should say, eh?" and stated laughing at me putting their finger to their throat motioning as if a knife slit their throat. Plaintiff as specifically grounded facts which indicate that serious physical injury is imminent and sufficient to invoke 1915(g) exception. Plaintiff is on 23 hour lock down close management and has nowhere to go and is a sitting duck waiting for retaliation and brutality to happen.

(ECF No. 9 at 12). In his Statement of claims, Plaintiff does not assert any claims against either of the new Santa Rosa C.I. Defendants (*see id.* at 13).

The timing and substance of Plaintiff's new allegations impugn their reliability and validity. At the time Plaintiff filed his First Amended Complaint (less than three weeks prior to his filing the instant Second Amended Complaint), he was aware of the need to satisfy the "imminent danger" exception, yet he did not include his newly asserted allegations of specific threats by Lieutenant Reyes and Sergeant Tanner in his earlier pleading, nor does he explain why he did not do so. Further, Plaintiff's reciting phrases from the previous Report and Recommendation, such as "grounded in specific facts," "pattern of misconduct evidencing the likelihood of imminent serious physical injury," "genuine emergencies," "time is pressing," and "threat is real and proximate," is insufficient to create a factual basis for satisfying the statutory exception. Moreover, Plaintiff's new allegations are still insufficient to show that at the time he filed his complaint in this case, he faced a likelihood of imminent serious physical

injury.  Therefore, his new allegations are still insufficient to satisfy the "imminent danger" exception of § 1915(g).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

**DONE AND ORDERED** this 23rd day of August 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.